STATE of Wisconsin, Plaintiff-Respondent,

v.

Brian C. WEGNER, Defendant-Appellant,†

Court of Appeals

*No. 99–3079–CR.  Submitted on briefs August 15, 2000.—Decided September 20, 2000.*

## 2000 WI App 231

(Also reported in 619 N.W.2d 289.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Scott A. Szabrowicz*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Kristine E. Anderson*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Nettesheim, Anderson and Snyder, JJ.

¶ 1.   ANDERSON, J.   Brian C. Wegner argues that the trial court erroneously exercised its discretion when it sentenced him after probation revocation. We disagree. The trial court exercised proper discretion in its sentence and in its refusal to modify that sentence. Therefore, we affirm.

¶ 2.   The facts underlying Wegner's conviction are not in dispute. On March 26, 1996, Wegner violently assaulted another man. Wegner and a friend flashed their car lights at another driver; this prompted the driver to pull over. Wegner and his friend pulled up behind the other car. Wegner exited his car and approached the other car. Wegner punched the driver in the side of the face, then dragged him out of his car and continued assaulting him. Wegner's friend joined in; they both punched and kicked the victim who was on his hands and knees "doing nothing" for most of the attack. During the assault, one of the attackers said the victim "narc'd" on somebody. As a result of this attack, the victim required stitches to his nose. In addition, the victim suffered cuts, bleeding, abrasions, swelling and bruising.

¶ 3.   Subsequently, on June 28, 1996, Wegner pled guilty to charges of felony battery, disorderly conduct, obstructing an officer (all as party to a crime), and

possession of drug paraphernalia. A charge of felony intimidation of a witness was dismissed and read in for sentencing purposes.

¶ 4. The trial court at the original sentencing examined these facts. On August 1, 1996, the trial court sentenced Wegner to nine months in jail on the obstructing charge, ninety days consecutive jail on the disorderly conduct charge and thirty days concurrent jail on the charge of possession of drug paraphernalia. The court withheld sentence on the felony battery charge and imposed five years' probation conditioned on Wegner serving an additional three months of consecutive jail time. Among other conditions of his probation, Wegner was ordered to abstain from alcohol and drugs.

¶ 5. Wegner did not abstain. Instead, he continued to use drugs and alcohol and continued to violate his probation in numerous other ways. On October 31, 1998, Wegner drove while under the influence of alcohol and THC. He crashed his vehicle, causing the death of one of his passengers. In the months that followed, Wegner continued to violate his probation. In addition to other violations, he shoplifted, used drugs and skipped court-ordered counseling sessions. Wegner's probation was revoked on January 14, 1999. The trial court again examined the underlying facts of Wegner's conviction at the sentencing after revocation. On March 11, 1999, Wegner was sentenced after revocation to five years in prison.

¶ 6. Wegner argues that the trial court erroneously exercised its sentencing discretion when it sentenced him after probation revocation. Wegner claims that the trial court: (1) failed to consider the three primary sentencing factors; (2) failed to connect the sentence to the underlying conviction (i.e., "articu-

late" its reasoning); and (3) failed to demonstrate on the record that it considered Wegner's positive adjustments while on probation.

¶ 7. The record does not support Wegner's claims. We will address each in order. First, the trial court did consider the three primary sentencing factors. At sentencing,[1] a trial court is required to consider (1) the gravity of the offense, (2) the character of the offender, and (3) the need to protect the public. *See McCleary v. State*, 49 Wis. 2d 263, 275, 182 N.W.2d 512 (1971). Proper sentencing discretion can exist without a delineation of sentencing factors; what is required is a *consideration* of the sentencing factors. *Cf. id.* If a trial judge does not delineate the sentencing factors, we are obliged to search the record to determine whether the sentence imposed is sustainable as a proper discretionary act.[2] *See id.* at 282. We will review the two sentencing proceedings on a global basis, treating the latter sentencing as a continuum of the first.

¶ 8. In Wegner's case, the same judge presided over both the original sentencing and the sentencing after revocation. At the original sentencing, the trial judge heard a detailed description of Wegner's assault. The trial judge considered all of the sentencing factors:

[1] We find no reason to distinguish between a trial court's duty at a sentencing after revocation and its duty at the original sentencing.

[2] We note that *McCleary v. State*, 49 Wis. 2d 263, 282, 182 N.W.2d 512 (1971), goes further in holding that an appellate court should not set aside a sentence because a trial judge *has failed to exercise discretion*; rather, the appellate court should search the record to determine whether in the exercise of proper discretion the sentence imposed can be sustained.

"I am instructed by the Supreme Court to impose the least amount of incarceration consistent with three primary factors; the gravity of the offense, the character of the offender, and the need to protect the public." The trial judge then proceeded to thoroughly address each sentencing factor.

¶ 9. We conclude that when the same judge presides at the sentencing after revocation and the original sentencing, the judge does not have to restate the reasons supporting the original sentencing; we will consider the original sentencing reasons to be implicitly adopted.[3] Like the appellate court, the trial court should be able to rely upon the entire record, including the previous comments at the first sentencing. *Cf. id.* This is especially true where it is the same judge. Further, it would be a mismanagement of judicial resources to require a court to go back to square one when sentencing after revocation.[4] Accordingly, we find the proper exercise of discretion.

---

[3] Although we find this acceptable in this case, we suggest that the better practice would be for the trial judge to reference the prior sentence.

[4] We caution that our holding should not be over read. The fact remains that the original judgment of conviction, which withheld the imposition of sentence and granted probation, represented a final judgment and was eligible for appellate review. *See* WIS. STAT. RULE 808.03(1) (1997–98). Thus, if Wegner were complaining about a provision in the original judgment (one that did not bear upon the issues addressed by the court at the sentencing after revocation), we would hold Wegner to waiver because he did not appeal from the original judgment of conviction.

¶ 10. Second, the trial court appropriately connected its sentence with the underlying conviction. "If the facts [on which the trial judge predicates his or her judgment] are fairly inferable from the record, and the reasons [for his or her conclusion] indicate the consideration of legally relevant factors, the sentence should ordinarily be affirmed." *Id.* at 281. At the sentencing after revocation, the State emphasized that "the offense that the Defendant is being sentenced on . . . is a very serious charge. It's a felony battery, substantial battery, party to the crime . . . ." The State then reiterated in detail the facts underlying Wegner's felony battery conviction. Finally, immediately before imposing sentence, the trial judge directly referenced the battery: "[People] have the right [to] . . . be free from your interfering with their . . . body. You've endangered people physically. You do what you want to do. You do what Brian Wegner wants to do at that given time." We find this reasoning to be based on Wegner's underlying conviction. Moreover, Wegner has not shown an unreasonable or unjustifiable basis in the record for the court's exercise of discretion and therefore cannot prevail. *See State v. Macemon*, 113 Wis. 2d 662, 670, 335 N.W.2d 402 (1983). Thus, it was well within the trial court's discretion to sentence Wegner to the maximum allowable sentence of five years in prison.

¶ 11. Third, Wegner complains that the court improperly relied upon an inaccurate revocation summary, and in doing so, it failed to properly account for his positive adjustments on probation. Wegner is misguided. A revocation summary is not "inaccurate" because it does not list all of a defendant's positive adjustments. A revocation summary is not the

equivalent of a presentence investigation report (which details both positives and negatives). Rather, it is the equivalent of a "pleading"; it is used to initiate the revocation process. In addition, when being sentenced after revocation, it is the obligation of the defendant to make the court aware of positive adjustments.[5] Wegner has not shown an exclusive reliance by the trial judge on the revocation summary nor has he shown any inaccuracies in the revocation summary. The trial court exercised proper sentencing discretion when it took into account Wegner's revocation summary along with other facts of record.

¶ 12.    In conclusion, Wegner seems to have lost sight of the fact that he was sentenced after revocation of probation for a serious offense. As long as the sentencing court considered the proper factors and the sentence was within the statutory limits, the sentence will not be reversed unless it is so excessive as to shock the public conscience. *See State v. Owen*, 202 Wis. 2d 620, 645, 551 N.W.2d 50 (Ct. App. 1996). All the facts of record sustain Wegner's sentence as a proper discretionary act by the trial judge. Therefore, it is our duty to affirm the sentence on appeal. *See McCleary*, 49 Wis. 2d at 282. Accordingly, we affirm.

*By the Court.*—Judgment and order affirmed.

---

[5] We note that the "positive adjustments" Wegner highlights are hardly enough to have changed the sentencing decision of the trial judge. In light of Wegner's numerous and egregious probation violations, a positive adjustment such as making some appointments with his probation agent is not a *sentence-altering positive adjustment*—it is what is expected.