STATE of Wisconsin,
Plaintiff-Respondent,

v.

Brandon E. JONES,
Defendant-Appellant.†

Court of Appeals

*No. 2005AP18–CR. Submitted on briefs September 14, 2005.
—Decided November 2, 2005.*

2005 WI App 259

(Also reported in 707 N.W.2d 876.)

† Petition to review denied 2-27-06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Amelia L. Bizzaro* of *Bizzaro Law Office, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Sally L. Wellman*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

¶ 1. SNYDER, P.J.   Brandon E. Jones appeals from an order for reconfinement following revocation of his extended supervision and an order denying his motion for modification of sentence or resentencing. He contends that the circuit court failed to provide a sufficient rationale for the reconfinement sentence and that the court was required to review the original sentencing transcript and presentence investigation report before ruling on reconfinement. We disagree and affirm the order for reconfinement and the order denying sentence modification or resentencing.

## BACKGROUND

¶ 2.   On April 2, 2001, Jones pled guilty to one count of delivery of a controlled substance, 500 grams or less of tetrahydrocannabinols (marijuana), contrary to Wis. Stat. § 961.41(1)(h)1. (2001–02).[2] The State recommended fourteen months of initial confinement followed by twenty-four months of extended supervision. Following the sentencing hearing, the circuit court adopted the State's recommendation and imposed sentence accordingly.

¶ 3.   Jones completed the confinement portion of his bifurcated sentence and was released to extended supervision on October 8, 2002. Subsequently, the De-

---

[2] All subsequent references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

partment of Corrections determined that Jones violated the terms of his extended supervision. Jones waived his right to a revocation hearing, and on March 10, 2004, the DOC revoked Jones's extended supervision.

¶ 4. Pursuant to WIS. STAT. § 302.113(9)(am):

> If the extended supervision of the person is revoked, the person shall be returned to the circuit court for the county in which the person was convicted of the offense for which he or she was on extended supervision, and the court shall order the person to be returned to prison for any specified period of time that does not exceed the time remaining on the bifurcated sentence.

On April 23, 2004, a reconfinement hearing was held before a different circuit court judge than the one who originally sentenced Jones. At the hearing, Jones's attorney and Jones himself presented statements to the court concerning Jones's achievements since his original sentencing. The court referenced the original offense and sentence, the time available for reconfinement, and the DOC recommendation.[3] The court ultimately concluded, "It just seems that the defendant is unwilling to be supervised in the community. And unfortunately what that reflects is that if he's going to rehabilitate himself, it's going to have to be done in a structured confined setting." The court ordered Jones reconfined for a period of two years, with sentence credit as appropriate.

---

[3] The DOC memorandum stated in relevant part:

> Mr. Jones has repeatedly demonstrated an unwillingness to comply with the rules of his supervision . . . . It is recommended that 00 years 07 months and 06 days be served . . . . [R]eincarceration time is necessary to protect the public, prevent depreciation of the offense, and/or provide treatment in a confined setting. Mr. Jones is a great danger to the community, and to himself.

¶ 5. Jones subsequently moved for modification of his sentence or resentencing pursuant to WIS. STAT. RULE 809.30. Jones challenged the circuit court's reconfinement order, claiming that the court failed to set forth sufficient reasoning for the length of reconfinement and failed to review the sentencing transcript and presentence investigation report. The court denied Jones's motion. Jones appeals.

## DISCUSSION

¶ 6. Jones contends that the circuit court failed to set forth sufficient reasons for the length of reconfinement in violation of the principles of sentencing enshrined in *McCleary v. State*, 49 Wis. 2d 263, 182 N.W.2d 512 (1971). He further contends that the court was required by *State v. Reynolds*, 2002 WI App 15, 249 Wis. 2d 798, 643 N.W.2d 165 (Ct. App. 2001), to review the original sentencing transcript and presentence investigation report.

¶ 7. We review a sentence imposed by a circuit court to determine whether the court erroneously exercised its discretion. *State v. Spears*, 227 Wis. 2d 495, 506, 596 N.W.2d 375 (1999). In *McCleary*, we held that "[d]iscretion is not synonymous with decision-making"; rather, it "depend[s] on facts that are of record or that are reasonably derived by inference from the record and a conclusion based on a logical rationale founded upon proper legal standards." *McCleary*, 49 Wis. 2d at 277. Legally relevant sentencing considerations include: (1) the gravity of the offense, (2) the character of the offender, and (3) the need to protect the public. *See id.* at 274. A sentence should generally be affirmed if the facts

are fairly inferable from the record and the sentencing court's rationale indicates that it is founded upon legally relevant factors. *Id.* at 277.

¶ 8. Jones argues that the circuit court should have explained why it did not follow the DOC recommendation for reconfinement and should have acknowledged Jones's achievements since the first sentencing. He contends that the court failed to adequately address all of the required sentencing factors, and therefore the court erroneously exercised its sentencing discretion. The State counters that sentencing factors need not be reiterated at a reconfinement hearing because reconfinement occurs "only after the sentencing court has already done the sentencing analysis and has determined the maximum term of imprisonment the individual should receive." We have stated, however, that decisions that deprive persons of their liberty require meaningful assessment. *See State v. Swiams*, 2004 WI App 217, ¶ 23, 277 Wis. 2d 400, 690 N.W.2d 452. Furthermore, requiring circuit courts to fully explain reconfinement orders would not lead to any adverse consequences. *See id.*

¶ 9. We turn then to consider whether the circuit court provided a sufficient rationale for Jones's reconfinement sentence. In *Swiams*, we held that every person deprived of his or her liberty is entitled to an explanation for the sentence imposed. *Id.* Nonetheless, how much explanation is actually required "will vary from case to case." *State v. Gallion*, 2004 WI 42, ¶ 39, 270 Wis. 2d 535, 678 N.W.2d 197. The key is for the circuit court to provide sufficient information about its reasoning so as to allow for meaningful review. The "need for meaningful appellate review of a trial court's decision to take away a person's liberty must be our polestar." *Swiams*, 277 Wis. 2d 400, ¶ 18.

¶ 10.   In *State v. Wegner*, 2000 WI App 231, ¶ 8, 239 Wis. 2d 96, 619 N.W.2d 289, we considered this very issue. There the judge imposing a reconfinement sentence was the same judge who imposed the original sentence. As in *Swiams*, we held that the circuit court's duty at sentencing after revocation and its duty at the original sentencing were the same. *Wegner*, 239 Wis. 2d 96, ¶ 7 n.1. Nonetheless, we clarified the reconfinement court's responsibilities. We held that when a person is being sentenced after revocation, "it is the obligation of the defendant to make the court aware of positive adjustments." *Id.*, ¶ 11. We also delineated a global approach, stating that "[w]e will review the two sentencing proceedings on a global basis, treating the latter sentencing as a continuum of the first." *Id.*, ¶ 7. Our stated goal in this regard was to prevent "mismanagement of judicial resources to require a court to go back to square one when sentencing after revocation." *Id.*, ¶ 9. Finally, we held that proper sentencing discretion can exist without an explicit delineation of the *McCleary* sentencing factors at reconfinement. *Wegner*, 239 Wis. 2d 96, ¶ 7. There must, however, be an indication that the circuit court considered those factors. *Id.* Ultimately, we concluded that as long as the reconfinement court considered the proper factors and the sentence was within the statutory limits, "the sentence will not be reversed unless it is so excessive as to shock the public conscience." *Id.*, ¶ 12 (citing *State v. Owen*, 202 Wis. 2d 620, 645, 551 N.W.2d 50 (Ct. App. 1996)).

¶ 11.   Here, at the reconfinement hearing, the circuit court referenced Jones's original offense and the accompanying sentence. Jones's attorney told the court of Jones's accomplishments while in confinement and after release to the community. For example, she told

the court that Jones had completed a parenting class, that his employer considered him to be a hard worker, that he had paid some of the restitution he owed, and that he had obtained his high school diploma while on extended supervision. The court heard and considered the DOC report of Jones's violations of the terms of his extended supervision and the DOC recommendation regarding reconfinement.

¶ 12. We observe that the circuit court connected the DOC report of Jones's "abysmal" conduct while on extended supervision to the court's conclusion that Jones continued to need rehabilitation. The court specifically referenced Jones's extended supervision violations, which are too numerous to list here, but include: consumption of a substance he knew to be marijuana; failing to comply with the Wisconsin Sex Offender Registry; failing to attend sex offender treatment; absconding from supervision; operating an automobile without a valid driver's license; engaging in sexual relationships without his agent's permission; and unsupervised contact with minors. The court stated that Jones's record of violations while on extended supervision indicated that he was "unwilling to be supervised in the community." Accordingly, the court concluded that Jones's rehabilitation would have to occur in a "structured confined setting." From this, we can reasonably infer that the court considered the most important sentencing factors to be the gravity of Jones's offenses and his character.[4]

---

[4] Although the circuit court makes no reference to protection of the public as a sentencing objective, we can infer from the nature of Jones's extended supervision violations that reconfinement also advanced the goal of protection of the public. In particular, Jones's failure to comply with Wisconsin's Sex Offender Registry and his unsupervised contact with minors support this inference.

¶ 13. Jones also contends that the circuit court failed to review the original sentencing transcript and presentence investigation report prior to ordering reconfinement in violation of *Reynolds*. *Reynolds* holds that where the "record does not reflect the sentencing judge's awareness of the information in the presentence investigation report, and of the factors the trial judge found significant in . . . the withholding of sentence, resentencing is appropriate." *Reynolds*, 249 Wis. 2d 798, ¶ 2. We conclude that *Reynolds* is not applicable here because of a significant and meaningful difference in the procedural background. In *Reynolds*, the circuit court withheld sentence and placed Reynolds on probation; a different judge imposed sentence *for the first time* after revocation of Reynolds's probation. *Id.*, ¶ 4. We conclude that *Reynolds* is not sufficiently analogous to the case at hand and reject Jones's arguments to the contrary.

## CONCLUSION

¶ 14. We conclude that the circuit court exercised its discretion based on facts that are of record or that are reasonably inferable from the record and imposed a reconfinement sentence that is founded on proper legal standards. *See McCleary*, 49 Wis. 2d at 277.[5] Furthermore, we hold that under the particular circumstances

---

[5] Because every person deprived of his or her liberty is entitled to an explanation, we encourage courts imposing a reconfinement sentence to make a complete record of the underlying facts, sentencing objectives, and how the sentence imposed fulfills those objectives. *See McCleary v. State*, 49 Wis. 2d 263, 274–77, 182 N.W.2d 512 (1971). While an appellate court may infer from the record that relevant factors were considered, sentencing courts should be mindful of the need for a sufficient on-the-record rationale when imposing terms of reconfinement.

presented here, the court did not err by reconfining Jones without an on-the-record review of the original sentencing transcript and presentence investigation report. Accordingly, we affirm the circuit court's reconfinement order and the order denying Jones's motion for modification of sentence or resentencing.

*By the Court.*—Orders affirmed.