STATE of Wisconsin, Plaintiff-Respondent,

v.

John C. BROWN, Defendant-Appellant.†

Court of Appeals

*No. 2005AP584–CR. Submitted on briefs December 6, 2005. —Decided February 7, 2006.*

## 2006 WI App 44

(Also reported in 712 N.W.2d 899.)

† Petition to review granted 5-9-06.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael K. Gould,* assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager,* attorney general, and *Mark A. Neuser,* assistant attorney general.

Before Wedemeyer, P.J., Curley and Kessler, JJ.

¶ 1. CURLEY, J.    John C. Brown appeals from the order reconfining him to the Wisconsin State Prisons for three years following the revocation of his extended supervision and from the order denying his postconviction motion seeking reconsideration of his reconfinement sentence. Brown contends that the trial court erroneously exercised its discretion when it reconfined him for three years. Brown contends that the trial court failed to give "due weight deference" to the Department of Corrections' (Department) recommendation on the amount of time to which he should be sentenced following the revocation of his extended supervision. He also argues that the trial court erroneously exercised its discretion in not fully explaining why it denied his postconviction motion seeking to modify his sentence. Because the trial court need not give due weight deference to the Department's recommendation, as the Department's recommendation is one of many factors the trial court can consider when determining the period of reconfinement, and because the trial court properly exercised its discretion when it denied the postconviction motion, we affirm.

## I.  BACKGROUND.

¶ 2.    On October 6, 2001, Brown and two others were charged with armed robbery as a party to a crime. In January 2002, Brown pled guilty to the amended charge of theft from person as a party to a crime, contrary to WIS. STAT. §§ 943.20(1)(a) & (3)(d)(2) and 939.05 (1999–2000).[1] After a presentence investigation was conducted, Brown was sentenced to one year, seven months of initial confinement, and six years, five months of extended supervision.

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 3. Brown served his term of confinement and was released on May 13, 2003. In August 2003, while on extended supervision, he was arrested and charged with possession with intent to deliver crack cocaine. Subsequently, the Department determined that Brown violated the terms of his extended supervision, Brown waived his right to a revocation hearing, and the Department revoked Brown's extended supervision. As a result, a reconfinement hearing was scheduled in the trial court. The Department, as is required by statute, sent the trial court a report including its recommendation that Brown be reconfined for one year, ten months and thirty days.[2]

¶ 4. At the hearing, the trial court rejected the Department's recommendation, and commented that the Department's recommendation was "ludicrously low." Brown was sentenced to three years in prison.

¶ 5. Brown challenged the circuit court's reconfinement order by filing a motion seeking modification of his sentence pursuant to WIS. STAT. RULE 809.30. In his postconviction motion, he supplied the court with a report which explained the Department's revocation procedures and provided the rationale behind the recommendation. The trial court refused to consider the merits of the motion, believing that, under WIS. STAT. § 302.113(9), Brown had no appellate rights.

¶ 6. After the release of *State v. Swiams*, 2004 WI App 217, 277 Wis. 2d 400, 690 N.W.2d 452, Brown filed a motion for summary reversal with this court. It was

___

[2] Although the Department's recommendation was one year, ten months and thirty days, the trial court later incorrectly referred to the recommendation as one year and ten months, including in its written order denying Brown's postconviction motion. These incorrect references to the recommendation do not, however, influence our decision on appeal.

granted. The case was then remanded to the trial court for consideration of the motion on the merits, and the trial court denied his postconviction motion a second time, stating that the reconfinement for a period of three years was "based on the commission of another felony offense shortly after his release from prison." This appeal follows.

## II. Analysis.

¶ 7. Brown contends that the trial court erroneously exercised its discretion at the reconfinement hearing. He submits that because the Department "oversees extended supervision and has been involved in custody, in supervision, and in revocations for years," the Department "has expertise in the area." As a result, Brown claims that the trial court should have given the Department's recommendation "due weight deference." He also claims that the trial court erroneously exercised its discretion when it denied his postconviction motion without an adequate explanation. We disagree with both contentions.

¶ 8. The procedure to be followed after a person's extended supervision is revoked is spelled out in Wis. Stat. § 302.113(9)(am) & (at).

> (am) If a person released to extended supervision under this section violates a condition of extended supervision, the reviewing authority may revoke the extended supervision of the person. If the extended supervision of the person is revoked, the person shall be returned to the circuit court for the county in which the person was convicted of the offense for which he or she was on extended supervision, and the court shall order the person to be returned to prison for any specified period of time that does not exceed the time remaining on the bifurcated sentence. The time remaining on the

696

bifurcated sentence is the total length of the bifurcated sentence, less time served by the person in confinement under the sentence before release to extended supervision under sub. (2) and less all time served in confinement for previous revocations of extended supervision under the sentence. The court order returning a person to prison under this paragraph shall provide the person whose extended supervision was revoked with credit in accordance with ss. 304.072 and 973.155.

(at) When a person is returned to court under par. (am) after revocation of extended supervision, the reviewing authority shall make a recommendation to the court concerning the period of time for which the person should be returned to prison. The recommended time period may not exceed the time remaining on the bifurcated sentence, as calculated under par. (am).

The reviewing authority in this instance was the Department of Corrections. WISCONSIN STAT. § 302.113(9)(ag), states: "In this subsection 'reviewing authority' means the division of hearings and appeals in the department of administration, upon proper notice and hearing, or the department of corrections, if the person on extended supervision waives a hearing." *Id.*

¶ 9. As referenced, the holding in *Swiams* established that a hearing to determine the length of reconfinement is a "sentencing." 277 Wis. 2d 400, ¶ 23. Sentencing is, and always has been, left to the reasonable discretion of the trial court. *State v. Gallion*, 2004 WI 42, ¶¶ 17–18, 270 Wis. 2d 535, 678 N.W.2d 197. We review a sentence imposed by a circuit court to determine whether the court erroneously exercised its discretion. *State v. Spears*, 227 Wis. 2d 495, 506, 596 N.W.2d 375 (1999). There is a " 'strong public policy against interference with the sentencing discretion of

the trial court, and sentences are afforded the presumption that the trial court acted reasonably.' " *Id.* (citation omitted).

¶ 10. In *Swiams*, the disputed issue was whether an offender was entitled to appeal the reconfinement order pursuant to WIS. STAT. RULE 809.30. We determined that such an appellate right existed, and, in doing so, we concluded that the sentencing court is required to provide an explanation for the sentence imposed because "every person deprived of his or her liberty is entitled" to such an explanation. *Swiams*, 277 Wis. 2d 400, ¶ 23. "[H]ow much explanation is actually required 'will vary from case to case.' " *State v. Jones*, 2005 WI App 259, ¶ 9, 288 Wis.2d 475, 707 N.W.2d 876 (quoting *Gallion*, 270 Wis. 2d 535, ¶ 39). "The key is for the circuit court to provide sufficient information about its reasoning so as to allow for meaningful review." *Id.* The "need for meaningful appellate review of a trial court's decision to take away a person's liberty must be our polestar." *Swiams*, 277 Wis. 2d 400, ¶ 18.

A. *The trial court need not give "due weight deference" to the Department's recommendation.*

¶ 11. We first address Brown's argument that the trial court was obligated to give the department's recommendation "due weight deference." Citing *Brown v. LIRC*, 2003 WI 142, 267 Wis. 2d 31, 671 N.W.2d 279, Brown argues that:

> Under the principles of administrative law, the only time[] a court gives no weight to an agency's conclusions is when the issue is one of first impression or if the agency's position provides no real guidance. Even then, however, a court is to benefit from the analyses of the agency. A court which does not consider such analyses cannot be said to benefit from them.

698

When an agency has some experience in the area but has not developed the expertise that necessarily places it in a better position than a court to interpret and apply the law, courts are to give due deference. "Under the due weight standard, 'a court need not defer to an agency's interpretation which, while reasonable, is not the interpretation which the court considers best and most reasonable.' " Even then, however, the court may not simply disregard the agency's approach.

(Citations omitted.) On the strength of this language, Brown concludes that the Department's recommendation is deserving of due weight deference:

The Department of Corrections, which oversees extended supervision and has been involved in custody, in supervision, and in revocations for years, has expertise in the area. The Department knows what programs and what treatments are available within the prison system, what sentence structure is necessary to be eligible for those programs, and which programs are most likely to be effective for which prisoners facing revocation. The Department of Corrections guidelines were developed with these considerations in mind. The trial court therefore should give the Department guidelines and the ALJ recommendations due weight deference. To do so, the court must consider them and make clear why the court is not following them.

We disagree.

¶ 12. We first note that Brown has not provided us with a single criminal case that requires a trial court to give due deference to an administrative agency's sentencing recommendation when conducting an initial sentencing. Indeed, in commenting on the duty of the Department to prepare presentence investigation reports pursuant to WIS. STAT. § 972.15(1), we have re-

peatedly stated that the trial court is not bound by the sentence recommended in the presentence investigation report. *See State v. Bizzle*, 222 Wis. 2d 100, 105–06 n.2, 585 N.W.2d 899 (Ct. App. 1998). Extrapolating from this principle, we can find no support for requiring courts to give the Department's recommendations in revocation of extended supervision cases "due weight deference." Trial courts have been given great discretion in fashioning sentences, and requiring them to give due weight deference to the Department's recommendation would defeat this tenet.

¶ 13.  Logic also supports our belief that the trial court need not give due weight deference to an agency's sentencing recommendations following the revocation of extended supervision. It is difficult to conceive why the legislature would refuse to bind the trial court to follow a Department's recommendation at an initial sentencing hearing, but require due deference to a Department recommendation after revocation of extended supervision. This is particularly so after considering the history of the Department in sentencing decisions. The legislature, in passing the Truth-in-Sentencing bills, removed the sentencing decision-making power of administrative agencies in parole and probation revocations by eliminating parole and probation and placed the decision-making authority with the trial court in extended supervision revocations. As a consequence, it would appear that the legislature was moving the important function of sentencing away from an agency's control. Thus, we are satisfied that while the recommendation may be helpful and should be considered, the trial court owes no "due weight deference" to the Department's sentencing recommendation submitted to the trial court after the revocation of an offender's extended supervision.

*B.  The trial court properly exercised its discretion in denying the postconviction motion.*

¶ 14.  We next address Brown's complaint that the trial court erroneously exercised its discretion in denying his postconviction motion seeking to modify the reconfinement order. As noted, the trial court is obligated to explain its reconfinement sentence. Here, at the reconfinement hearing, the trial court justified its reconfinement sentence of three years when it stated:

> You were warned when you were released from prison that if you commit another offense you'll go back to prison, and you committed it, and it's a serious crime here. It's selling crack cocaine, and I understand you have a pending case with [another judge].
>
> The Department looks at this grid and comes up with these, I think, ludicrously low recommendations, and I think this is too low. The time available is six years four months and they're recommending I believe one year and ten months, and I think that's insufficient to send a message here.
>
> I think obviously you have a cocaine problem that's going to be with you for years. It's going to be hard for you to beat it, and I think you're a risk to the community to be out in one year and ten months.

¶ 15.  The trial court met its obligation. The trial court clearly believed that the Department's recommendation was too low, that Brown had a drug problem, and that he posed a risk to society if he were to be released after such a short period of time, especially since he was arrested on a felony drug charge approximately three months after his release.

701

¶ 16. Brown claims that the trial court erroneously exercised its discretion because it failed to follow the factors listed in *State ex rel. Plotkin v. DHSS*, 63 Wis. 2d 535, 217 N.W.2d 641 (1974), or *Gallion*, 270 Wis. 2d 535, in its reconfinement decision. We do not find either case dispositive. *Plotkin* addressed the factors that an *agency* should consider when contemplating a revocation of probation. It did not address the question of what sentence a court should find appropriate after an offender's probation has been revoked. We also note that the *Gallion* case was decided after the reconfinement hearing was held, and *Gallion* states that it applies only to future cases.[3] 270 Wis. 2d 535, ¶¶ 8, 76. Consequently, it has no application to this case.

¶ 17. Moreover, we note that a reconfinement hearing is simply an extension of the original sentencing proceeding, and thus, the trial court need not address all relevant factors. In *State v. Wegner*, 2000 WI App 231, 239 Wis. 2d 96, 619 N.W.2d 289, where resentencing occurred following the revocation of Wegner's parole, we stated that "[w]e will review the two sentencing proceedings on a global basis, treating the latter sentencing as a continuum of the first." *Id.*, ¶ 7. Our stated goal in this regard was to prevent "mismanagement of judicial resources to require a court to go back to square one when sentencing after revocation." *Id.*, ¶ 9 (footnote omitted). Thus, resentencing does not require an explicit delineation of the *McCleary*

---

[3] In any event, *State v. Gallion*, 2004 WI 42, 270 Wis. 2d 535, 678 N.W.2d 197, did "not make any momentous changes" to Wisconsin sentencing jurisprudence. *State v. Stenzel*, 2004 WI App 181, ¶ 9, 276 Wis. 2d 224, 688 N.W.2d 20.

sentencing factors, as long as the court considered them earlier. *See Jones*, 707 N.W.2d 876, ¶ 9. Brown has not contended that his initial sentencing hearing was deficient in any way, and we will assume that the trial court touched on all the appropriate factors when deciding Brown's original sentence. As a result, we are satisfied that the trial court fulfilled its obligation at the reconfinement hearing. So, too, we are satisfied that the trial court's written order denying Brown's postconviction motion was a proper exercise of discretion. As the trial court explained:

> The agent recommended a period of one year and ten months out of the six years and four months available. The court did not agree with that recommendation and reconfined the defendant for three years based on the commission of another felony offense shortly after his release from prison.

¶ 18. The trial court gave sufficient reasons for its reconfinement decision and its reasoning was sound. A trial court is not required to make detailed findings in denying a motion for reconsideration. *See* WIS. STAT. § 805.17(3). Consequently, we affirm.

*By the Court.*—Orders affirmed.