STATE of Wisconsin, Plaintiff-Respondent,

v.

Antonio M. HALL, Defendant-Appellant.

Court of Appeals

*No. 2006AP1439–CR. Submitted on briefs April 3, 2007.*
*—Decided June 26, 2007.*

2007 WI App 168

(Also reported in 737 N.W.2d 13.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael D. Kaiser* of *Kaiser Law Offices* of Hartland.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Warren D. Weinstein*, assistant attorney general.

Before Wedemeyer, P.J., Fine and Kessler, JJ.

¶ 1. WEDEMEYER, P.J. Antonio Hall appeals from an order for reconfinement after revocation of extended supervision, and from an order denying a motion for postconviction relief. Hall claims the court at the reconfinement hearing[1] erred in failing to determine his eligibility for the Challenge Incarceration Program (CIP) and the Earned Release Program (ERP). Because the court in a reconfinement hearing had no authority to determine a revoked supervisee's eligibility for the CIP or the ERP, we affirm.

## BACKGROUND

¶ 2. On December 3, 2001, after Hall pled guilty to one count of manufacture/delivery of cocaine as a party to a crime, he was sentenced to probation of thirty-six months, with a stayed prison sentence of sixty months, consisting of twenty-four months of initial confinement and thirty-six months of extended supervision. The trial court concluded that Hall was not eligible for the CIP. Hall's probation was revoked and he served his initial period of confinement. After he completed his initial period of confinement, the Department of Corrections released Hall and he began serving his period of extended supervision.

¶ 3. On October 25, 2005, the Department of Corrections revoked Hall's extended supervision precipitated by an arrest for four instances of felonious activity. As a result, a reconfinement hearing was scheduled. On November 23, the trial court held the

___

[1] Because the functions of a sentencing court and a reconfinement court are different, we refer to the court by the function it is performing here.

506

reconfinement hearing. The reconfinement court ordered reconfinement for three years and one month. In so ordering, the reconfinement court made no ruling on whether Hall was eligible for the CIP or the ERP.

¶ 4.  On May 15, 2006, after Hall pled no contest to two counts of endangering safety/reckless use of a firearm, the trial court sentenced him to prison for ten years, consisting of five years of initial confinement and five years of extended supervision, concurrent to his present sentence. In doing so, the trial court found him eligible for both the CIP and the ERP.

¶ 5.  On May 19, 2006, Hall filed a timely motion to modify the order for reconfinement after revocation of his extended supervision making him eligible for both the CIP and the ERP. On May 23, the reconfinement court denied his motion concluding that it "does not have the statutory authority to make an eligibility determination for either of these programs as part of its order for reconfinement." Hall now appeals.

## ANALYSIS

¶ 6.  Hall contends that the court conducting the reconfinement hearing erred in holding that it did not possess the requisite statutory authority to determine his eligibility for the CIP or the ERP. For reasons to be stated, we are not convinced.

## STANDARD OF REVIEW AND APPLICABLE LAW

■

¶ 7.  Review of a circuit court's interpretation of a statute is a question of law that we examine independently, benefiting where appropriate from the analyses of the trial court. *State v. Ferguson*, 202 Wis. 2d 233,

237, 549 N.W.2d 718 (1996). Our responsibility is to give effect to the intent of the legislature. *State v. Corey J.G.,* 215 Wis. 2d 395, 411, 572 N.W.2d 845 (1998). We look first to the plain language of the statute. *Id.* at 411–12. If the language of the statute is clear on its face, we need not look any farther than the statutory text to determine the meaning. *State v. Peters,* 2003 WI 88, ¶ 14, 263 Wis. 2d 475, 665 N.W.2d 171. If, however, the statute is ambiguous, we shall consult the "scope, history, context, subject matter and object of the statute" in order to ascertain legislative intent. *Ball v. District No. 4, Area Bd. of Vocational, Technical & Adult Educ.,* 117 Wis. 2d 529, 537–38, 345 N.W.2d 389 (1984).

¶ 8.　Hall's challenge of the circuit court's ruling is based upon a two-prong approach. First, he claims a plain reading of the relevant statutes dictates that a reconfinement order is the equivalent of imposing a bifurcated sentence requiring a determination of his eligibility for CIP and ERP.

¶ 9.　Second, if this court should conclude that the statutory language is ambiguous, Hall claims that the legislative intent and relevant case law require us to reach the same result. Both prongs are based upon the premise that a reconfinement order is a re-sentence, or the imposition of a new bifurcated sentence with modified terms. As we shall see, neither case law nor the clear wording of the statutory language provides validity for the premise to sustain Hall's hypothesis.

¶ 10.　To develop his argument, Hall relies upon case law before he examines the relevant statutory language. We shall follow the same path of examination. Hall first claims support for his position in *State v. Swiams,* 2004 WI App 217, ¶ 4, 277 Wis. 2d 400, 690 N.W.2d 452, and *State v. Brown,* 2006 WI App 44, ¶ 17,

289 Wis. 2d 691, 712 N.W.2d 899, *aff'd* 2006 WI 131, 298 Wis. 2d 37, 725 N.W.2d 262. In *Swiams*, this court held that for the purposes of achieving appellate review under WIS. STAT. § 809.30, a reconfinement hearing can be construed as a form of sentencing proceeding. From this, Hall argues that the result of the reconfinement hearing is the imposition of a new bifurcated sentence obligating the reconfinement court, in the exercise of its sentencing discretion, to determine whether he was eligible for CIP and ERP.

¶ 11. In *Brown*, however, we refined our holding in *Swiams* by adopting the "global" approach articulated in *State v. Wegner*, 2000 WI App 231, 239 Wis. 2d 96, 619 N.W.2d 289, for re-sentencing after parole revocation. In *Wegner*, we declared that the latter sentence is treated as a continuum of the initial sentence. *Id.*, ¶ 7. Consistent with this analysis, we thus held that a reconfinement hearing is "simply an extension of the original sentencing proceeding." *Brown*, 289 Wis. 2d 691, ¶ 17. Subsequently, in *State v. Presley*, 2006 WI App 82, 292 Wis. 2d 734, ¶ 13, 715 N.W.2d 713, we further refined the characteristic of an extended supervision reconfinement order to be "a different species of sentencing than occurs at either a probation or parole revocation sentencing hearing."[2] *Id.*, ¶ 13. Thus, as can be seen, case law lends no support for Hall's claim that the entering of a reconfinement order is the equivalent of the imposition of a new bifurcated sentence requiring the determination of eligibility for CIP and ERP. We now turn to the relevant statutory language.

---

[2] Judge Ralph Adam Fine in his concurring opinion astutely observed that the majority opinion does not hold "that a post-revocation confinement order is a 'sentencing' for all purposes." *State v. Presley*, 2006 WI App 82, ¶ 17, 292 Wis. 2d 734, 715 N.W.2d 713.

¶ 12. Hall reasons as follows. During a reconfinement hearing, a reconfinement court applies its discretionary authority, in most cases sending an individual back to prison, and thereby establishes a new combination of confinement and extended supervision for that defendant. Continuing, he argues that the act of sending an individual back to prison is the equivalent of imposing a bifurcated sentence under Wis. Stat. § 973.01(3g) and (3m) (2005–06).[3] Thus, by imposing what he considers a bifurcated sentence at his reconfinement hearing, Hall argues that the reconfinement court is obligated by § 973.01(3g) and (3m) to decide whether a defendant is eligible for CIP or ERP. Concluding, Hall proffers: "Nothing in the statute dictates that the court is only imposing a sentence when the sentence is first handed down after a finding of guilt."

¶ 13. The language of Wis. Stat. § 973.01(3g) and (3m), in clear terms, states that "[w]hen imposing a bifurcated sentence *under this section*" the court shall decide "as part of the exercise of its sentencing discretion" whether "the person being sentenced is eligible" for CIP or ERP. (Emphasis added.) Neither sub. (3g) nor sub. (3m) even mention a reconfinement hearing or describe the process.

¶ 14. In contrast, Wis. Stat. § 302.113(9)(am) governs the reconfinement procedure and sets forth the limits of exercisable discretion of the court. The language of the statute does not include this same broad measure of discretion when it comes to the authority of the court in a reconfinement hearing. No mention is made of considering the application of either CIP or ERP. It is only reasonable then to assume that if the

---

[3] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

legislature wanted the court to revisit the application of CIP and ERP at a reconfinement hearing, it would have expressly provided for that exercise of discretion within § 302.113(9)(am). Thus, it is reasonable to conclude that such specific powers of discretion do not exist.

¶ 15. Doubtless, WIS. STAT. § 302.113(9)(am) provides authority for a reconfinement court to exercise sentencing discretion in determining the length of time for which a revoked supervisee will be returned to prison. To expand the scope of this grant of limited discretion to include the duty to address eligibility for CIP and ERP finds no support in the statute.

¶ 16. While indeed, a reconfinement proceeding and consequent order may generically be a form of sentencing as recognized in *Swiams*, because, however, of its limiting characteristics as defined by its own enabling statute, it is only the sentencing court in imposing or modifying sentence that, in order to properly exercise its sentencing discretion, the sentencing court must consider eligibility for CIP or ERP.

¶ 17. From our examination of these statutory provisions, we find no ambiguity in the relevant language and conclude that the provisions of WIS. STAT. §§ 973.01(3g), 973.01(3m) and 302.113(9)(am) express a clear intent to restrict the sentencing discretion of the reconfinement court at a reconfinement hearing; it has no authority to consider eligibility for the CIP or the ERP in a reconfinement hearing.

*By the Court.*—Orders affirmed.