STATE of Wisconsin, Plaintiff-Respondent,

v.

Twaun L. GEE, Defendant-Appellant.

Court of Appeals

*No. 2006AP1222–CR. Submitted on briefs January 3, 2007.
—Decided January 30, 2007.*

2007 WI App 32

(Also reported in 729 N.W.2d 424.)

519

On behalf of the defendant-appellant, the cause was submitted on the brief of *Amelia L. Bizzaro* of *Henak Law Office, S.C.*, of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Peggy A. Lautenschlager*, attorney general, and *Juan B. Colas*, assistant attorney general.

Before Wedemeyer, P.J., Curley and Kessler, JJ.

¶ 1. CURLEY, J. Twaun L. Gee appeals the order denying his postconviction motion seeking a new reconfinement hearing. He argues that the trial court: (1) erroneously exercised its discretion and violated his right of due process when it failed to give an adequate explanation of his sentences; (2) failed to give deference to either the Department of Correction's (Department) or the administrative law judge's (ALJ) reconfinement recommendation; (3) "misused its discretion by imposing the maximum period of reconfinement with no supervised transition between incarceration and [his] return to the community"; and (4) erroneously exercised its discretion because it failed to review the

520

presentence investigation report presented at the time of sentencing and the original sentencing judge's explanation for the sentences.

¶ 2. This case is controlled by the recent supreme court decision in *State v. Brown*, 2006 WI 131, 298 Wis. 2d 37, 725 N.W.2d 262, which set forth factors that should be considered at a reconfinement hearing. The supreme court determined that trial courts are required to give "reasoned explanations for reconfinement decisions." *Id.*, ¶ 29. While the supreme court rejected Gee's argument that the sentencing court must give deference to the Department's or ALJ's recommendation, the case does hold, by implication, that the trial court must consider the original sentencing transcript when making its reconfinement decision. *See id.*, ¶ 38. Consequently, we conclude that the trial court, based on the limited information before it, set forth a reasoned explanation. However, we reverse and remand for a new reconfinement hearing, directing the trial court to consider the sentencing transcript along with any other relevant factors as listed in *Brown* that apply in this case when determining the appropriate period of reconfinement.[2]

## I. BACKGROUND.

¶ 3. On February 11, 2002, Gee pled no contest in front of the Honorable John J. DiMotto to one count of duty upon striking a person resulting in death, and one count of homicide by negligent operation of a vehicle. While there were two charges, the accident resulted in

---

[2] Inasmuch as we are ordering a resentencing hearing, we decline to address the argument made by Gee concerning the fact that no supervised transition was ordered. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

the death of only one person. After a presentence investigation report was submitted, the trial court sentenced Gee on count one to two years' initial confinement and two years' extended supervision, and on count two to two years' initial confinement and three years' extended supervision. The sentences were ordered to be served concurrently.

¶ 4. On April 4, 2005, Gee, who had earlier been released to extended supervision, was arrested for possession of approximately seventeen grams of tetrahydrocannabinols (THC), i.e., marijuana, second offense, following a traffic stop.[3] After the issuance of this new charge, the ALJ revoked his extended supervision. As is required by Wis. Stat. § 302.113(9)(at) (2003–04),[4] the Department sent the trial court a memorandum explaining the agent's recommendation that Gee serve eight months, twenty days on count one, and three months, ten days on count two, to be served consecutively, as well as the history of the case and the new charge. The ALJ recommended that Gee be reconfined for one year. The State recommended that Gee be sentenced to the maximum time available—two years, eleven months and twenty-eight days. The reconfinement hearing was held on December 2, 2005, in front of the Honorable Dennis P. Moroney because, apparently, the Honorable John J. DiMotto was no longer serving in that division.

---

[3] He also violated the conditions of extended supervision by using a controlled substance, possessing alcohol as a minor, operating a vehicle without agent's permission, and selling drugs.

[4] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

¶ 5. The trial court sentenced Gee to the maximum—two years, eleven months and twenty-eight days on the two counts. In doing so, the trial court explained:

[Y]ou obviously don't use your head at all . . . .

Now, to be driving again under the – at least of having admitted ingestion of THC, I mean, obviously you're not getting the message for whatever reason . . . . I mean, it's disturbing to me because it presents a true protection of society issue. What in the world does it take to get your attention on being right?

. . . .

And, I mean, that's – And the fact that you were going to go set up and have a birthday party and be in further violation of the revocation rules or extended supervision rules, I mean, again, that's just another issue.

The trial court concluded:

So, Mr. Gee, you deserve punishment. There's no question about that. And you just have not followed the rules . . . .

So the Court does look at this from a very egregious standpoint. I have looked at it from a protection of society standpoint, and I look at it from a need to punish sufficiently so you're finally deterred from ever doing this kind of foolishness again and hopefully rehabilitate you to the extent that it's possible. But I do think two years, 11 months and 28 days is what it's going to take because if you can't learn from what you did before, all I can tell you is that all we're going to be doing is protecting society from this time forward because I'm not going to have you running around town drinking, driving, smoking dope and whatever you're

523

doing and hurt somebody else again or kill them and then say, I'm sorry and go away, I'm going to do better next time if you give me another chance. You don't get another chance when a person is dead. That's the problem. And you had your chance to stop doing this kind of behavior, and you just disregarded it completely. So the Court feels that that is the appropriate sentence under all the circumstances here.

¶ 6. Gee brought a postconviction motion seeking a new reconfinement hearing, claiming that the trial court erroneously exercised its discretion by failing to adequately explain its reasons for ordering the maximum term of reconfinement. The motion was denied.[5] In its decision denying the motion, the trial court explained that "the court considered the gravity of the defendant's conduct, both as to the underlying offenses as well as his conduct on extended supervision, his character in terms of his failure to abide by the rules of his supervision, and the need for public protection." The court went on to say:

> The defendant argues that the court had an obligation to consider the other recommendations for shorter reconfinement that were before it .... The court considered but was not bound by these recommendations ....

> The defendant also argues that the court was obliged to review the original sentencing transcript and presentence investigation report prior to ordering reconfinement, even though he acknowledges that the Court of Appeals has already held that a reconfinement

---

[5] The postconviction order denying Gee's motion incorrectly states that Gee pled no contest and was sentenced on the same date. In fact, Gee entered his plea of no contest to the charges and was convicted on February 11, 2002, but he was sentenced on April 4, 2002.

judge is under no such duty. *State v. Jones,* 2005AP18–CR (filed November 2, 2005).

This appeal follows.

## II. ANALYSIS.

¶ 7. On appeal, Gee presents three issues why he believes he is entitled to a new reconfinement hearing. First, he claims that the trial court erroneously exercised its discretion and violated his right to due process because it failed to adequately explain its sentences. Second, he submits that the trial court was obligated to give due deference to the Department's recommendation that he be confined for eight months, twenty days on count one; and three months, ten days consecutive on count two, and to the ALJ's recommendation for one year reconfinement, and erred in failing to give such deference. Finally, Gee maintains the trial court erroneously exercised its discretion in failing to familiarize itself with the original presentence investigation report and the sentencing transcript.

¶ 8. The procedure to be followed after a person's extended supervision is revoked is spelled out in WIS. STAT. § 302.113(9)(am) & (at).

(am) If a person released to extended supervision under this section violates a condition of extended supervision, the reviewing authority may revoke the extended supervision of the person. If the extended supervision of the person is revoked, the person shall be returned to the circuit court for the county in which the person was convicted of the offense for which he or she was on extended supervision, and the court shall order the person to be returned to prison for any specified period of time that does not exceed the time remaining on the bifurcated sentence. The time remaining on the

525

bifurcated sentence is the total length of the bifurcated sentence, less time served by the person in confinement under the sentence before release to extended supervision under sub. (2) and less all time served in confinement for previous revocations of extended supervision under the sentence. The court order returning a person to prison under this paragraph shall provide the person whose extended supervision was revoked with credit in accordance with ss. 304.072 and 973.155.

(at) When a person is returned to court under par. (am) after revocation of extended supervision, the reviewing authority shall make a recommendation to the court concerning the period of time for which the person should be returned to prison. The recommended time period may not exceed the time remaining on the bifurcated sentence, as calculated under par. (am).

¶ 9. A reconfinement hearing is akin to a sentencing hearing and, for this reason, both are reviewed on appeal using the erroneous exercise of discretion standard. *See State v. Swiams*, 2004 WI App 217, ¶ 23, 277 Wis. 2d 400, 690 N.W.2d 452; *see also State v. Odom*, 2006 WI App 145, ¶ 11, 294 Wis. 2d 844, 720 N.W.2d 695.

An erroneous exercise of such discretion occurs "whenever it appears that no discretion was exercised in its imposition [of the sentence] or discretion was exercised without the underpinnings of an explained judicial reasoning process." *McCleary [v. State]*, 49 Wis. 2d 278[, 182 N.W.2d 512 (1971)]. As long as the reconfinement court considered the relevant factors, and not irrelevant or improper ones, and the decision was within the statutory limits, the sentence will not be reversed, unless it " 'is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the

circumstances.' " [*State v.*] *Taylor,* [2006 WI 22, ¶ 18,] 289 Wis. 2d 34, [710 N.W.2d 466] (citations omitted).

*Brown,* 725 N.W.2d 262, ¶ 22 (alteration in original).

■

¶ 10. In *Brown,* where the State made the same argument it made in *Swiams,* the supreme court affirmed this court's rejection in *Swiams* of the State's argument that requiring trial courts "to explain fully a reconfinement order might take too much time." *Brown,* 725 N.W.2d 262, ¶ 28 (citing *Swiams,* 277 Wis. 2d 400, ¶ 23). In *Brown,* the court instead imposed on trial courts the requirement that they "provid[e] reasoned explanations for reconfinement decisions." *Id.,* 725 N.W.2d 262, ¶¶ 28, 29. Although, as will be explained below, the trial court did not consider all the required information, to the extent of the information before it, the explanation given by the trial court was satisfactory. The trial court considered the three primary factors and explained its concerns and its sentences.

¶ 11. Next, Gee argued to the trial court and now argues to this court that this court's holding in *State v. Brown,* 2006 WI App 44, 289 Wis. 2d 691, 712 N.W.2d 899, that no deference need be given to the Department's recommendation when holding a reconfinement hearing, was in error. This court stated: "Trial courts have been given great discretion in fashioning sentences, and requiring them to give due weight deference to the Department's recommendation would defeat this tenet." *Id.,* ¶ 12.

■

¶ 12. In affirming this court's decision, the supreme court, in *Brown,* 725 N.W.2d 262, observed that "[a]lthough the DOC's recommendation may be helpful,

and should be considered by the circuit court in a reconfinement decision, that recommendation is not entitled to any deference." *Id.*, ¶ 24. Thus, the trial court is not obligated to give any deference to other recommendations. On this basis, Gee is not entitled to a new reconfinement hearing.

¶ 13. Finally, we address whether the trial court erroneously exercised its discretion when it failed to review the presentence investigation report, ordered by the original sentencing judge, or the transcript of the sentencing proceeding containing the original judge's explanation for Gee's sentences. In rejecting this argument in Gee's postconviction motion, the trial court relied on the holding in *State v. Jones*, 2005 WI App 259, 288 Wis. 2d 475, 707 N.W.2d 876, for its belief that the trial court need not review the original sentencing transcript. However, in *Jones*, this court merely acknowledged that the case, *State v. Reynolds*, 2002 WI App 15, 249 Wis. 2d 798, 643 N.W.2d 165, relied upon by Jones for his contention that the trial court was obligated to review the original presentence investigation report and sentencing transcript, was not on point. *Jones*, 288 Wis. 2d 475, ¶ 13.

> Jones also contends that the circuit court failed to review the original sentencing transcript and presentence investigation report prior to ordering reconfinement in violation of *Reynolds*. *Reynolds* holds that where the "record does not reflect the sentencing judge's awareness of the information in the presentence investigation report, and of the factors the trial judge found significant in . . . the withholding of sentence, resentencing is appropriate." *Reynolds*, 249 Wis. 2d 798, ¶ 2. We conclude that *Reynolds* is not applicable here because of a significant and meaningful difference in the procedural background. In *Reynolds*, the circuit court withheld sentence and placed Reynolds on proba-

tion; a different judge imposed sentence *for the first time* after revocation of Reynolds's probation. *Id.,* ¶ 4. We conclude that *Reynolds* is not sufficiently analogous to the case at hand and reject *Jones's* arguments to the contrary.

*Jones,* 288 Wis. 2d 475, ¶ 13 (emphasis in original).

¶ 14. In *Brown,* the supreme court addressed the very issue raised in *Jones* and advised the trial courts that:

> The original sentencing transcript is an important source of information on the defendant that discusses many of the factors that circuit courts should consider when making a reconfinement decision. The original sentencing transcript is readily available for a circuit court to examine, and those portions that are considered by the court to be relevant should be mentioned.

*Brown,* 725 N.W.2d 262, ¶ 38.

¶ 15. The State argues in a supplemental letter sent to the court after the supreme court released the *Brown* case that:

> The supreme court also did not address, much less overrule implicitly or explicitly, the holding in *Jones* that at a reconfinement hearing a review of the sentencing transcript is not mandatory. The court did observe that the sentencing transcript "is an important source of information" and that *"those portions that are considered by the court to be relevant* should be mentioned." *Brown,* 2006 WI 131[,] ¶ 38 (emphasis added). The determinations of what factors are relevant to the reconfinement decision and what weight they should be given are left to the trial court. *Id.* at ¶ 39.

We disagree with the State. The supreme court concluded that the original sentencing transcript is an

important source of information and that the transcript most likely will contain a discussion of the many factors that trial courts should consider at reconfinement hearings. *Brown*, 725 N.W.2d 262, ¶ 38. Given the explanation of the importance of sentencing transcripts, we find it puzzling that the State would argue that the trial court need not review the original transcript. Moreover, the directive that the trial court should determine which portions of the original sentencing transcript are relevant clearly assumes that the transcript will be read and considered by the sentencing court. Thus, we conclude that the trial court was obligated to review, at the very least, the original sentencing transcript. Consequently, we reverse and remand this case to the trial court to conduct a reconfinement hearing consistent with the relevant factors set forth in the supreme court's *Brown* opinion, including a reading of the original sentencing transcript.

*By the Court.*—Orders reversed and cause remanded with directions.