STATE of Wisconsin, Plaintiff-Respondent,

v.

John C. BROWN, Defendant-Appellant-Petitioner.

Supreme Court

*No. 2005AP584–CR. Oral argument October 12, 2006.
—Decided December 19, 2006.*

2006 WI 131

(Also reported in 725 N.W.2d 262.)

40

For the defendant-appellant-petitioner there were briefs and oral argument by *Randall E. Paulson,* assistant state public defender.

For the plaintiff-respondent the cause was argued by *Eileen W. Pray,* assistant attorney general, with whom on the briefs was *Peggy A. Lautenschlager,* attorney general.

An amicus curiae brief was filed by *Robert R. Henak, Amelia L. Bizzaro,* and *Henak Law Office, S.C.,* Milwaukee, on behalf of Wisconsin Association of Criminal Defense Lawyers.

An amicus curiae brief was filed by *Walter J. Dickey* and *David E. Schultz,* Madison, on behalf of the University of Wisconsin Law School, and there was oral argument by *Walter J. Dickey.*

¶ 1. N. PATRICK CROOKS, J. This is a review of a published decision[1] of the court of appeals affirming an order of the Circuit Court for Milwaukee County, Judge David A. Hansher, reconfining John C. Brown (Brown) to prison for three years following revocation of his extended supervision, and the court's order denying Brown's motion for reconsideration.

¶ 2. Brown contends that the circuit court erroneously exercised its discretion when it ordered Brown to serve three years of reconfinement in prison and denied Brown's postconviction motion for a reduction in reconfinement time. In his postconviction motion, Brown argued that the court should follow the Department of Corrections (DOC) guidelines to determine the minimum custody necessary, that the court had not given sufficient deference to the DOC recommendations, and that a reconfinement sentence should comply with due process requirements and standards for exercising discretion.

¶ 3. Brown asks this court to reverse the decision of the court of appeals, which affirmed the circuit court's decision, and to remand his case for a new reconfinement hearing. Brown further petitions this court to address what standard courts should apply when explaining and reviewing reconfinement decisions.

¶ 4. The State of Wisconsin (State) asserts that the circuit court properly exercised its discretion and

---

[1] *State v. Brown,* 2006 WI App 44, 289 Wis. 2d 691, 712 N.W.2d 899.

applied the appropriate standards in determining that Brown should return to prison for three years following revocation of extended supervision. The State therefore asks this court to affirm the court of appeals, which affirmed the reconfinement orders of the circuit court.

¶ 5. Under the circumstances set forth, we hold that the circuit court did not erroneously exercise its discretion, when the court imposed three years of reconfinement. Since this court has not, until now, set forth any guidelines as to the factors that should be considered in reconfinement hearings, we further hold that the circuit court adequately explained the basis for its reconfinement decision, when it stated that it believed the DOC's recommendation of one year, ten months, and thirty days was too low, that Brown had a cocaine problem, and that he would be a risk to the community if he were to be released after the DOC's suggested reconfinement period.

¶ 6. Under Truth in Sentencing, extended supervision and reconfinement are, in effect, substitutes for the parole system that existed under prior law. A reconfinement hearing occurs after there has been an original sentencing and a revocation of extended supervision and is, therefore, closely akin to a sentencing hearing.

¶ 7. We do not intend to set forth a required checklist that must be followed in every instance. Nevertheless, a circuit court, in demonstrating an exercise of discretion in a reconfinement decision, should consider many of the factors discussed herein when making reconfinement decisions, and should explain on the record those factors which are relevant to the circumstances of a particular case. A circuit court should consider the recommendation from the DOC. The court should also consider the nature and severity

44

of the original offense, the defendant's institutional conduct record, and the defendant's conduct and the nature of the violation of terms and conditions during extended supervision, as well as the amount of incarceration necessary to protect the public from the risk of further criminal activity. The court should impose the minimum amount of confinement which is consistent with the protection of the public, the gravity of the offense, and the defendant's rehabilitative needs. *McCleary v. State,* 49 Wis. 2d 263, 276, 182 N.W.2d 512 (1971). A circuit court also should consider the defendant's prior record, attitude, and capacity for rehabilitation, and the rehabilitative goals to be accomplished by reconfinement for the time period in question in relation to the time left on the defendant's original sentence.

¶ 8. We realize that not all of these factors will apply in every case. We provide this listing not as a mandatory checklist, but as guidance to a circuit court in making what often is a difficult reconfinement decision. For the reasons set forth herein, the decision of the court of appeals is affirmed.

I

¶ 9. In October 2001 Brown was charged with armed robbery, threat of force, party to a crime, contrary to Wis. Stat. §§ 943.32(1)(b) and (2) and 939.05 (1999–2000). The charge arose from an incident in which Brown and a codefendant, Dejuan Rainey (Rainey), engaged in what was charged as a planned armed robbery of an individual, Robert Young (Young), in an alley. Young told police that Brown came to his home and asked him to come to a gas station with him. While Brown and Young were walking through an alley, Rainey pointed a gun at Young and demanded him to

empty his pockets and place the items on the ground. Brown picked up the items, and Young fled.

¶ 10. Young encountered a squad car and told police of the robbery. The police entered the alley and found Rainey and Brown in a vehicle driven by a third man, Christopher Blunt (Blunt). The police stopped the vehicle and seized the gun and Rainey's possessions. According to the criminal complaint, Blunt told police that he had been waiting in the vehicle while Brown and Rainey went to purchase marijuana from Young. Rainey also told police that he and Brown were buying marijuana from Young. Young denied the allegation that he was involved in dealing drugs.

¶ 11. At the plea hearing, the prosecutor sought to amend the charge to theft-from-person, in part because of the allegations about Young's drug dealing. The prosecutor stated, "I don't believe my own victim completely as to what happened, I seek an amendment." As part of a negotiated plea agreement, the State reduced the charges against Brown to a charge of felony theft pursuant to Wis. Stat. § 943.20(1)(a)(1999–2000). In January 2002 Brown pled guilty to that reduced charge.

¶ 12. The circuit court sentenced Brown to eight years, consisting of one year and seven months of initial confinement and six years and five months of extended supervision. During sentencing, then Milwaukee County Circuit Court Judge Robert Crawford considered the gravity of the offense, and determined that it was serious enough to warrant confinement in prison. The court noted that Brown had planned the crime with two other men, and had lured the victim into the alley. The sentencing court also considered the fact that Brown had family support, and had no prior criminal record, but the court decided that prison time was

necessary to promote the goal of deterring further crime in the community. The sentencing court also noted that Brown had a substance abuse problem, which was documented in the presentence investigation report.

¶ 13. After serving his term of initial confinement, Brown was released to extended supervision on May 13, 2003. Three months later, on August 23, 2003, police found Brown in possession of two cocaine rocks weighing .41 grams. The DOC alleged that Brown had possessed, and attempted to deliver, crack cocaine in violation of his rules of community supervision. Brown waived his right to a revocation hearing, and the DOC revoked Brown's extended supervision.

¶ 14. A reconfinement hearing was scheduled in Milwaukee County Circuit Court. As noted previously, the DOC recommended one year, ten months, and thirty days of reconfinement. The DOC agent arrived at the recommendation by taking approximately 30 percent of the remaining time on Brown's bifurcated sentence, which was six years, four months, and nineteen days.

¶ 15. During Brown's reconfinement hearing, the circuit court stated:

> Well, the probation basically—or extended supervision is to make sure that—it's basically giving you a chance to follow the rules and regulations as set out by the State and to be free of criminal conduct. There's time hanging over your head. You were warned when you were released from prison that if you commit another offense you'll go back to prison, and you committed it, and it's a serious crime here. It's selling crack cocaine, and I understand you have a pending case with Judge Siefert.
>
> The Department looks at this grid and comes up with these, I think, ludicrously low recommendations,

47

and I think this is too low. The time available is six years four months and they're recommending I believe one year and ten months, and I think that's insufficient to send a message here.

I think obviously you have a cocaine problem that's going to be with you for years. It's going to be hard for you to beat it, and I think you're a risk to the community to be out in one year and ten months.

And I don't know what Judge Siefert is going to do. He may give you concurrent time or consecutive time. That is between you, your attorney and Judge Siefert.

But, based upon all the facts and circumstances of this case and the recommendations and the information before me, the court is going to sentence you to three years in the Wisconsin State Prison.

¶ 16. Brown then filed a postconviction motion for reconsideration, seeking a reduction in the reconfinement time imposed. Brown argued that the circuit court had not given due weight deference to the DOC, that the court should look to the DOC's recommendations to determine the minimum custody necessary, and that a reconfinement decision should comply with due process requirements and standards for exercising discretion.

¶ 17. The circuit court denied Brown's motion for reconsideration, and Brown appealed. The court of appeals upheld the circuit court's reconfinement orders, affirming the circuit court's decision that the circuit court need not give due weight deference to the DOC's recommendation. The court of appeals reasoned that a circuit court has great discretion in matters of sentencing, and is not required to give due weight deference to recommendations of the DOC. The court of appeals

concluded that a reconfinement hearing is an extension of the original sentencing proceeding and, therefore, the court need not address at the reconfinement hearing all of the factors that would be addressed at the initial sentencing. Brown then filed a petition for review by this court, which we granted.

## II

¶ 18. This case involves review of a reconfinement decision, as well as interpretation of administrative regulations and criminal statutes. The interpretation of an administrative rule or regulation and the interpretation of a statute are questions of law that we review de novo. *Hillhaven Corp. v. DHFS*, 232 Wis. 2d 400, 409, 606 N.W.2d 572 (Ct. App. 1999).

¶ 19. The standards governing appellate review of an imposed sentence are well settled. *State v. Taylor*, 2006 WI 22, ¶ 17, 289 Wis. 2d 34, 710 N.W.2d 466. A circuit court exercises its discretion at sentencing, and appellate review is limited to determining if the court's discretion was erroneously exercised. *State v. Gallion*, 2004 WI 42, ¶ 17, 270 Wis. 2d 535, 678 N.W.2d 197. This court stated in *McCleary*, 49 Wis. 2d at 281, that "[a]ppellate judges should not substitute their preference for a sentence merely because, had they been in the trial judge's position, they would have meted out a different sentence."

¶ 20. A reconfinement hearing is certainly akin to a sentencing hearing and, therefore, both are reviewed on appeal to determine if there has been an erroneous exercise of discretion. *See State v. Swiams*, 2004 WI App 217, ¶ 23, 277 Wis. 2d 400, 690 N.W.2d 452; *see also*

*State v. Odom,* 2006 WI App 145, ¶ 11, 294 Wis. 2d 844, 720 N.W.2d 695. In the present case, we review a reconfinement decision, not a sentencing decision. However, in *State v. Swiams,* the court of appeals reasoned, "In light of the need for meaningful assessment of decisions that deprive persons of their liberty . . . we perceive no reason why a 'sentencing' under Wis. Stat. Rule 809.30 should not encompass reconfinement under Wis. Stat. § 302.13(9)(am)(2001–02)." *Id.* at ¶ 23 (citing *Gallion,* 270 Wis. 2d 535, ¶ 19). Moreover, in *State v. Wegner,* 2000 WI App 231, ¶ 7, 239 Wis. 2d 96, 619 N.W.2d 289, the court of appeals held that the circuit court's duty at sentencing after revocation of parole, and the court's duty at the original sentencing, were the same.

¶ 21. In the present case, the court of appeals quoted *Wegner,* 239 Wis. 2d 96, ¶ 7, stating, " '[W]e will review the two sentencing proceedings on a global basis, treating the latter sentencing as a continuum of the first.' " *State v. Brown,* 2006 WI App 44, ¶ 17, 289 Wis. 2d 691, 712 N.W.2d 899. *See also State v. Jones,* 2005 WI App 259, ¶ 8, 288 Wis. 2d 475, 707 N.W.2d 876. In *Wegner,* the judge imposing the reconfinement sentence was the same judge who imposed the original sentence. Treating the reconfinement hearing as a continuum of the sentencing hearing is logical when the same judge is presiding over both the original sentencing hearing and the reconfinement hearing. However, in many cases, one judge will preside over the original sentencing and a different judge will do the reconfinement hearing, as was the situation in Brown's case. Under such circumstances, there is no continuum.

¶ 22. We conclude that a reconfinement decision, like an initial sentencing decision, involves the circuit

court's discretion, and we review the circuit court's decision to determine whether that discretion was erroneously exercised. *See State v. Spears,* 227 Wis. 2d 495, 506, 596 N.W.2d 375 (1999). An erroneous exercise of such discretion occurs "whenever it appears that no discretion was exercised in its imposition [of the sentence] or discretion was exercised without the underpinnings of an explained judicial reasoning process." *McCleary,* 49 Wis. 2d at 278. As long as the reconfinement court considered the relevant factors, and not irrelevant or improper ones, and the decision was within the statutory limits, the sentence will not be reversed, unless it " 'is so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances.' " *Taylor,* 289 Wis. 2d 34, ¶ 18 (citations omitted).

¶ 23. Brown asserts that the circuit court should have given due weight deference to the DOC's recommendation of one year, ten months, and thirty days of reconfinement, because the DOC has expertise in dealing with violations during extended supervisions and with revocations. The State argues that the circuit court was not required to give any particular weight to the DOC's recommendations.

■

¶ 24. We agree with the State's position that the circuit court did not owe deference to the DOC. Although Wis. Stat. § 302.113(9)(at) (2003–04)[2] requires the DOC to make a recommendation concerning the period of reconfinement, it does not indicate how the

---

[2] All further references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

court is to treat that recommendation. Although the DOC's recommendation may be helpful, and should be considered by the circuit court in a reconfinement decision, that recommendation is not entitled to any deference. In the context of a formal sentencing hearing, a sentencing court is not required to give any particular level of deference to the DOC's sentencing recommendations, which are included in presentence investigation reports. *See* Wis. Admin. Code § DOC 328.27(2)(Sept., 2006). If the sentencing court deviates from the DOC's recommendations in a formal sentencing hearing, the court is not required to explain its reasons for doing so, as long as proper sentencing discretion is exercised. *See State v. Johnson,* 158 Wis. 2d 458, 469, 463 N.W.2d 352 (Ct. App. 1990).

¶ 25. Since a reconfinement hearing is closely akin to a sentencing hearing, the DOC's recommendation may be helpful and should be considered by a circuit court, but the court is not required to follow the DOC's sentencing recommendation in making a reconfinement decision.

### III

¶ 26. Brown argues that the circuit court failed to adequately explain its basis for imposing three years of reconfinement, and that an explanation was required under *McCleary,* 49 Wis. 2d 263, and *Gallion,* 270 Wis. 2d 535. In *McCleary,* this court held that a sentencing judge is required to provide a "rational and explainable basis" for selecting the particular sentence imposed. *McCleary,* 49 Wis. 2d at 276. We stated that " '[t]he sentence imposed in each case should call for the

minimum amount of custody or confinement which is consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant.' " *Id.* (citations omitted). In *Gallion,* this court reaffirmed *McCleary*'s sentencing standards, and held that a circuit court must explain on the record how a sentence's component parts promote the sentencing objectives. *Gallion,* 270 Wis. 2d 535, ¶ 46. This court noted that sentencing objectives may vary from case to case, but that such objectives include the protection of the community, punishment of the defendant, rehabilitation of the defendant, and deterrence of others. *Id.,* ¶¶ 40–41 (citing Wis. JI—Criminal SM-34 at 8–9 (1999)). Brown's reconfinement hearing occurred prior to this court's decision in *Gallion,* and *Gallion* does not apply retroactively, but it is important to note that *Gallion* served to "reinvigorate" the principles set forth in *McCleary. Gallion,* 270 Wis. 2d 535, ¶ 4; *see also Taylor,* 289 Wis. 2d 34, ¶ 17 n.9.

¶ 27. The State asserts that a reconfinement decision is not a sentence and, therefore, the court need not explain how the reconfinement time imposed relates to the sentencing objectives as required by *McCleary. McCleary,* 49 Wis. 2d at 276. As stated above, we conclude that a reconfinement hearing and a sentencing hearing are closely akin to one another. We agree with the State's assertion that a reconfinement hearing differs from a sentencing hearing in several respects. For example, a sentencing hearing focuses on primary sentencing factors, such as the gravity of the offense, protection of the public, and the rehabilitative needs of the defendant, as well as deterrence. However, a main focus of a reconfinement hearing is the defendant's behavior since the imposition of the original sentence.

At a reconfinement hearing, the original sentence has already set the maximum period of time for which the circuit court can reconfine the defendant. The court may not impose a reconfinement period that exceeds the time remaining on the original bifurcated sentence. Wis. Stat. § 302.113(9)(am). Additionally, at a reconfinement hearing, the individual's liberty at stake is not "the absolute liberty to which every citizen is entitled," but rather a "conditional liberty" that is dependent on the individual's observance of the rules of extended supervision. *See Morrissey v. Brewer,* 408 U.S. 471, 480 (1972).

¶ 28. However, despite the differences between a sentencing hearing and a reconfinement hearing, the two hearings are closely akin to each other, because both determine whether a person should be sent to prison and for how long. *Swiams,* 277 Wis. 2d 400, ¶ 22. The State argues that requiring a circuit court to provide reasoned explanations for reconfinement decisions will place an undue burden on the time of a circuit court. However, the court of appeals rejected a similar argument in *Swiams. Id.,* ¶ 23. In *Swiams,* the court of appeals noted that, other than the State's concern that to require a circuit court to explain fully a reconfinement order might take too much time, the State could not identify any adverse consequences that could flow from permitting defendants to seek "meaningful review" of reconfinement orders under Wis. Stat. § (Rule) 809.30. *Id.* The court of appeals ultimately rejected the State's "expediency-based justification for any truncation of the sentencing explanation to which every person deprived of his or her liberty is entitled." *Id.*

¶ 29. In light of the need for "meaningful assessment of decisions that deprive persons of their liberty,"

we agree with the court of appeals, and thus disagree with the State's argument, that requiring a circuit court to give reasoned explanations for reconfinement decisions will place an undue burden on the time of a circuit court. *Id.* The relatively small investment of time that a circuit court will expend in providing reasoned explanations for reconfinement decisions is far outweighed by the benefits of insuring meaningful review of reconfinement decisions and satisfying a defendant's procedural due process right "to be sentenced on the basis of accurate information." *State v. Greve,* 2004 WI 69, ¶ 14, 272 Wis. 2d 444, 681 N.W.2d 479; *see also Bruneau v. State,* 77 Wis. 2d 166, 175, 252 N.W.2d 347 (1977).

¶ 30. Sentencing decisions are, and always have been, within the circuit court's reasonable exercise of discretion, yet there must also be safeguards in place, to insure meaningful appellate review of such exercise of discretion. *Gallion,* 270 Wis. 2d 535, ¶¶ 17–18. We recognize the need to provide the circuit courts with guidelines for deciding what amount of reconfinement is appropriate after revocation of extended supervision.

¶ 31. In June 1998 the Wisconsin Legislature enacted Truth-in-Sentencing Part I, 1997 Wis. Act 283, which abandoned Wisconsin's indeterminate sentencing system in favor of a truth-in-sentencing regime. *See* Michael B. Brennan, Thomas J. Hammer, and Donald V. Latorraca, *Fully Implementing Truth-in-Sentencing,* 75 Wis. Law. 10 (November 2002). Then, as part of Truth-in-Sentencing Part II, 2001 Wis. Act 109, the legislature took reconfinement authority away from administrative law judges, and specified that circuit judges were to determine the amount of reconfinement or reincarceration time upon revocation of extended supervision. 75 Wis. Law. at 53.

¶ 32. Nonetheless, circuit courts may find guidance in Wis. Admin. Code § HA 2.05(7)(f)(Sept., 2001), which identifies the criteria that administrative law judges were to employ, prior to the enactment of 2001 Wis. Act 109, in determining the proper amount of reconfinement time after revocation of extended supervision. These criteria are nearly identical to the criteria in Wis. Admin. Code § HA 2.06(6)(b)(Sept., 2001), that administrative law judges were to utilize under Wisconsin's former parole system, in determining the period of good time forfeiture or reincarceration following revocation of parole.

¶ 33. Under the current system of extended supervision, the DOC has a duty under Wis. Stat. § 302.113(9)(at) to make a recommendation to the court concerning the period of time for which an individual should be returned to prison after revocation of extended supervision. Although the DOC has not yet promulgated administrative rules implementing its duty under § 302.113(9)(at), the DOC's criteria for recommendations of periods of reincarceration or forfeited good time are codified in Wis. Admin. Code § DOC 331.14(3)(b)(Oct., 2006). The criteria that the DOC considers pursuant to Wis. Admin. Code § DOC 331.14(3)(b) are nearly identical to the criteria that administrative law judges considered when making decisions about reconfinement or forfeiture of good time before the enactment of Truth-in-Sentencing Part II. Wis. Admin. Code §§ HA 2.05(7)(f), 2.06(6)(b)(Sept., 2001).

■

¶ 34. In making reconfinement decisions, we expect that circuit courts will usually consider the nature and severity of the original offense, the client's institutional conduct record, as well as the amount of incarceration necessary to protect the public from the risk of

further criminal activity, taking into account the defendant's conduct and the nature of the violation of terms and conditions during extended supervision. *See* Wis. Admin. Code §§ HA 2.05(7)(f), 2.06(6)(b)(Sept., 2001); Wis. Admin. Code § 331.14(3)(b)(Oct., 2006). The reconfinement period imposed should be the minimum amount that is necessary to protect the public, to prevent depreciation of the seriousness of the offense, and to meet the defendant's rehabilitative needs. Wis. Admin. Code § 331.14(3)(b); *McCleary,* 49 Wis. 2d at 276.

¶ 35. *State ex rel. Hauser v. Carballo,* 82 Wis. 2d 51, 261 N.W.2d 133 (1978), also identifies additional factors that provide some guidance to circuit courts in making reconfinement decisions. In *Hauser,* this court listed factors that administrative law judges were to consider in the determination of whether to forfeit a parole violator's good time credits under Wisconsin's former parole system. However, like reconfinement, the determination of whether to forfeit a parole violator's good time required a discretionary determination of "what balance of time between renewed incarceration and further parole [extended] supervision is most likely to protect society and at the same time to facilitate the violator's transition between prison and unconditional freedom." *Id.* at 75.

¶ 36. Other factors that may be relevant and appropriate, depending on the circumstances, for a circuit court to consider in making reconfinement decisions include consideration of the defendant's record, attitude, and capacity for rehabilitation, and the rehabilitative goals to be accomplished by imprisonment for the time period in question in relation to the time left on the violator's original sentence. *Id.*

¶ 37. We expect that a circuit court will apply those factors noted herein that are relevant and, aware of the principles set forth in *McCleary,* and again in *Gallion,* will provide, on the record, a reasoned basis for a reconfinement decision. These factors are not a mandatory checklist, and we do not hold that a circuit court must examine each factor on the record in every case. Rather, we list these factors in order to provide guidance for circuit court judges when determining appropriate reconfinement periods, depending on the facts and circumstances of each case.

¶ 38. The original sentencing transcript is an important source of information on the defendant that discusses many of the factors that circuit courts should consider when making a reconfinement decision. The original sentencing transcript is readily available for a circuit court to examine, and those portions that are considered by the court to be relevant should be mentioned.

¶ 39. We recognize that not all of the factors will apply in every case. When making reconfinement decisions, it is appropriate for a circuit court to identify the general objectives of greatest importance, and describe the factors and circumstances relevant to those objectives. *Gallion,* 270 Wis. 2d 535, ¶ 41. As this court noted in *Taylor,* we recognize that it is within the circuit court's discretion to decide what weight should be given to a particular factor in a particular case. *Taylor,* 289 Wis. 2d 34, ¶ 43 (citing *Cunningham v. State,* 76 Wis. 2d 277, 282, 251 N.W.2d 65 (1977)). We are cognizant of the fact that "[h]ow much explanation is necessary. . . will vary from case to case." *Gallion,* 270 Wis. 2d 535, ¶ 39 (citing *McCleary,* 49 Wis. 2d at 276).

¶ 40. We urge the prosecutor, defense counsel, and the defendant to bring to the court's attention any factors and circumstances, which may be particularly relevant to the guidelines discussed herein. In their Non-Party Brief, Professors Walter Dickey, David E. Schultz, and Michael E. Smith note that if circuit courts and busy lawyers are not encouraged to set forth on the record the facts and inferences for a sentencing decision, then they will be tempted to avoid doing so. At oral argument, Professor Dickey further stated that, as advocates, lawyers should point out to the court what facts and circumstances are relevant at a sentencing or a reconfinement hearing.

¶ 41. Since this court has not, until now, set forth any guidance as to the factors that circuit courts should consider in making reconfinement decisions, we hold that the circuit court, in this case, did not erroneously exercise its discretion when it ordered Brown to return to prison for three years. As stated above, a reconfinement hearing and a sentencing hearing are closely akin to one another. Sentencing is a discretionary act. The term contemplates a process of reasoning. *McCleary,* 49 Wis. 2d at 277. We will remand for resentencing or modification of a sentence only when an erroneous exercise of discretion clearly appears. *Id.* at 278.

¶ 42. The circuit court's statement at the reconfinement hearing indicated that the court was indeed acting as a decisionmaker and demonstrating a process of reasoning. Brown asserts that he has a procedural due process right to be sentenced on the basis of true and correct information and to have his sentence adequately explained to him by the court. *See Greve,* 272

Wis. 2d 444, ¶ 14. Brown's procedural due process right was satisfied here. The circuit court articulated sufficient reasons for imposing three years of reconfinement for Brown. After examining the record and the information before it, presented by counsel for both sides, including the recommendation by the DOC, the circuit court concluded that three years of reconfinement was warranted. The court explained that Brown posed a risk to the community, if he were to be released in one year, ten months, and thirty days as recommended by the DOC, and that the DOC's recommended time was insufficient to "send a message here." The circuit court further explained that Brown had a "cocaine problem." The circuit court came to the reasoned conclusion that "based upon all the facts and circumstances," three years was the appropriate amount of reconfinement time in Brown's case.

## IV. CONCLUSION

¶ 43. Under the circumstances set forth, and our standards for review of the discretion of the circuit court in a sentencing decision, we hold that the circuit court did not erroneously exercise its discretion, when the court imposed three years of reconfinement. *Taylor*, 289 Wis. 2d 34, ¶ 30. Since this court has not, until now, set forth any guidelines as to the factors that should be considered in reconfinement hearings, we further hold that the circuit court adequately explained the basis for its reconfinement decision, when it stated that it believed the DOC's recommendation of one year, ten months, and thirty days was too low, that Brown had a cocaine problem, and that he would be a risk to the community if he were to be released after the DOC's suggested reconfinement period.

¶ 44. Under Truth-in-Sentencing, extended supervision and reconfinement are, in effect, substitutes for the parole system that existed under prior law. A reconfinement hearing occurs after there has been an original sentencing and a revocation of extended supervision and is, therefore, closely akin to a sentencing hearing.

¶ 45. We do not intend to set forth a required checklist that must be followed in every instance. Nevertheless, a circuit court, in demonstrating an exercise of discretion in a reconfinement decision, should consider many of the factors discussed herein, when making reconfinement decisions, and should explain on the record those factors which are relevant to the circumstances of a particular case. A circuit court should consider the recommendation from the DOC. The court should also consider the nature and severity of the original offense, the client's institutional conduct record, and the client's conduct and the nature of the violation of terms and conditions during extended supervision, as well as the amount of incarceration necessary to protect the public from the risk of further criminal activity. The court should impose the minimum amount of confinement which is consistent with the protection of the public, the gravity of the offense, and the defendant's rehabilitative needs. *McCleary,* 49 Wis. 2d at 276. A circuit court also should consider the defendant's prior record, attitude, and capacity for rehabilitation, and the rehabilitative goals to be accomplished by reconfinement for the time period in question in relation to the time left on the defendant's original sentence.

¶ 46. We realize that not all of these factors will apply in every case. We provide this listing not as a

mandatory checklist to be followed point by point, but as guidance to a circuit court in making what often is a difficult reconfinement decision. For the reasons set forth herein, the decision of the court of appeals is affirmed.

*By the Court.*—The decision of the court of appeals is affirmed.