STATE of Wisconsin, Plaintiff-Respondent,

v.

Travis Joe BRIMER, Jr., Defendant-Appellant.

Court of Appeals

*No. 2009AP817–CR. Submitted on briefs January 12, 2010
—Decided March 16, 2010.*

2010 WI App 57

(Also reported in 781 N.W.2d 726.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Lora B. Cerone,* assistant state public defender, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen,* attorney general, and *Warren D. Weinstein,* assistant attorney general.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. PETERSON, J.   Travis Brimer appeals orders reconfining him after his extended supervision was revoked and denying his postconviction motion. Brimer argues his Fifth Amendment right against self-

incrimination was violated at the reconfinement hearing when the circuit court relied on a statement he made to his parole officer. We disagree and affirm.

## BACKGROUND

¶ 2. In May 2004, Brimer was convicted of one count of burglary. Various other charges were dismissed and read in, and Brimer was sentenced to four years' initial confinement and four years' extended supervision. After less than a year in confinement, Brimer was released to extended supervision because he successfully completed the Challenge Incarceration Program. The conditions of his extended supervision required him to "avoid controlled substances." On October 12, 2007, he was placed in custody after testing positive for cocaine. While Brimer was in custody, his parole officer met with him. Brimer provided a statement on a standard Department of Corrections form, which includes the direction:

> I have been advised that I must account in a truthful and accurate manner for my whereabouts and activities, and that failure to do so is a violation for which I could be revoked. I have also been advised that none of this information can be used against me in criminal proceedings.

In his statement, Brimer admitted using and selling cocaine while on extended supervision.

¶ 3. Brimer's extended supervision was revoked as a result of this violation. At his reconfinement hearing, the court relied heavily on Brimer's statement. The court stated: "There were a number of violations, but the big one, in my mind, was selling the cocaine by his own admission." The court then ordered Brimer reconfined for five years.

410

¶ 4. Brimer moved for postconviction relief, arguing his attorney was ineffective for failing to object to the court considering his statement to his parole officer. He contended using this statement violated his Fifth Amendment privilege against self-incrimination. The circuit court denied his motion.

## DISCUSSION

¶ 5. The only issue on appeal is whether using Brimer's statement at his reconfinement hearing violated his Fifth Amendment right against self-incrimination. Because Brimer's counsel did not object at the hearing, this argument is before us as an ineffective assistance of counsel claim. Therefore, Brimer must show his attorney's failure to raise a Fifth Amendment objection was both deficient and prejudicial. *See State v. Allen*, 2004 WI 106, ¶ 26, 274 Wis. 2d 568, 682 N.W.2d 433. This presents a question of mixed law and fact. *State v. Trawitzki*, 2001 WI 77, ¶ 19, 244 Wis. 2d 523, 628 N.W.2d 801. We defer to the circuit court's findings of historical fact unless clearly erroneous, but review independently whether counsel's performance was deficient and prejudicial. *Id.*

■

¶ 6. Brimer argues the statement he gave to his parole officer was compelled and incriminating and therefore could not be used at his reconfinement hearing because that hearing was a criminal proceeding.[1] Thus,

---

[1] Brimer concedes his statement could not incriminate him in a future criminal proceeding because of the grant of immunity on the Department of Corrections form. Therefore, his argument is solely that reconfinement hearings are criminal proceedings for the purposes of the Fifth Amendment right against self-incrimination.

he contends his attorney was deficient for failing to object to the statement's use. The State counters that a reconfinement hearing is part of the revocation process and therefore not a criminal proceeding for the purposes of the Fifth Amendment right against self-incrimination. We agree with the State.

¶ 7.   The right against self-incrimination only applies at criminal proceedings or "other proceeding[s] . . . where the answers might incriminate [the defendant] in future criminal proceedings." *Allen v. Illinois*, 478 U.S. 364, 368 (1986) (citations omitted). Whether a reconfinement hearing is a criminal proceeding is a question created by 2001 Wis. Act 109, also known as Truth-in-Sentencing Part II. *See State v. Brown*, 2006 WI 131, ¶ 31, 298 Wis. 2d 37, 725 N.W.2d 262. Prior to the enactment of Truth-in-Sentencing, administrative law judges determined, at revocation hearings, both whether parolees should be revoked and for how long they should be reconfined. *Id.* Case law is clear that these hearings were not criminal proceedings for the purposes of the right against self-incrimination. *State ex rel. Struzik v. DHHS*, 77 Wis. 2d 216, 221, 252 N.W.2d 660 (1977) ("Because . . . a revocation hearing is significantly different from an adversarial criminal proceeding, the fifth amendment's own, self-contained exclusionary rule is inapplicable in the revocation context." Footnote omitted). Truth-in-Sentencing bifurcated the revocation process, leaving the determination of whether a person should be revoked with administrative law judges, but transferring to circuit courts the authority to determine how long a revoked person should be reconfined.[2]

---

[2] This law has also recently changed. Pursuant to 2009 Wis. Act 28, circuit court judges will no longer preside over recon-

¶ 8. Brimer's argument that a reconfinement hearing is a criminal proceeding, then, depends on concluding that Truth-in-Sentencing transformed the reconfinement portion of the revocation process into a criminal proceeding. This conclusion is problematic in several respects. First, Brimer cites no direct authority for this proposition. Instead, he relies on case law describing reconfinement hearings and sentencings as "closely akin to each other, because both determine whether a person should be sent to prison and for how long." *See Brown*, 298 Wis. 2d 37, ¶ 28. From this, he concludes that a reconfinement hearing is essentially a resentencing and therefore a criminal proceeding.

¶ 9. It is well established, however, that parole revocation—which has traditionally encompassed the reconfinement determination—is not part of the criminal proceeding for the purposes of the right against self-incrimination. *Minnesota v. Murphy*, 465 U.S. 420, 435 n.7 (1984); *see also State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 384, 260 N.W.2d 727 (1978) ("the privilege against self-incrimination does not prevent consideration of inculpatory statements [at a revocation hearing]"). Rather, "[p]arole arises after the end of the criminal prosecution, including imposition of sentence. ... Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Gagnon v. Scarpelli*, 411 U.S. 778, 781–82 (1973) (citation omitted). "[E]xtended supervision and reconfinement are, in effect, substitutes for

finement hearings. Instead, administrative law judges will again determine the length of time a revoked person should be reconfined. Brimer's reconfinement hearing, however, occurred before these changes went into effect.

413

the parole system that existed under prior law." *Brown*, 298 Wis. 2d 37, ¶ 44. It follows, then, that reconfinement hearings also "arise[] after the end of the criminal prosecution" and, like parole revocation hearings, are not criminal proceedings for the purposes of the right against self-incrimination.

¶ 10. Second, the case Brimer cites describing sentencings and reconfinement hearings as similar belies the conclusion a reconfinement hearing is a resentencing. In *Brown*, our supreme court held that a circuit court should articulate its reasons for imposing a particular period of reincarceration just as it must articulate its reasons for originally imposing a particular sentence. But the court explicitly acknowledged the considerations at reconfinement are different from those at sentencing:

> For example, a sentencing hearing focuses on primary sentencing factors . . . . However, a main focus of a reconfinement hearing is the defendant's behavior since the imposition of the original sentence. At a reconfinement hearing, the original sentence has already set the maximum period of time for which the circuit court can reconfine the defendant. . . . Additionally, at a reconfinement hearing, the individual's liberty at stake is . . . a "conditional liberty" that is dependent on the individual's observance of the rules of extended supervision.

*Brown*, 298 Wis. 2d 37, ¶ 27. In fact, recognizing a dearth of guidance about the factors courts should consider at a reconfinement hearing, the court suggested "circuit courts may find guidance in [the regulations] which identif[y] the criteria that administrative law judges were to employ, prior to the enactment of [Truth-in-Sentencing]." *Id.*, ¶ 32. In other words,

*Brown* appears to acknowledge that while Truth-in-Sentencing changed who makes the reconfinement determination, it did not alter the substantive nature of the proceedings.[3]

¶ 11. This conclusion is also supported by the final report of the Criminal Penalties Study Committee, the committee the legislature created to make recommendations for implementing Truth-in-Sentencing. The Committee recommended administrative law judges continue to make revocation decisions, but "the disposition hearing . . . be conducted before a circuit judge because, in certain cases, the offender could be returned to prison for a substantial length of time." STATE OF WISCONSIN CRIMINAL PENALTIES STUDY COMMITTEE FINAL REPORT 131 (August 1999).[4] It continued, "It is best that such a decision, which would involve a tremendous impact on the offender and consume significant corrections resources, be made by a judge who is

[3] Brimer also attempts to draw support from our conclusion in *State v. Swiams*, 2004 WI App 217, 277 Wis. 2d 400, 690 N.W.2d 452, that reconfinement decisions should be treated as sentencings under WIS. STAT. RULE 809.30 for the purposes of appeal. His reliance on this case is misplaced. We did not hold reconfinement hearings *are* sentencings in *Swiams*. Instead, we concluded parolees should be permitted to appeal from reconfinement hearings under the same statute that permits defendants to appeal from a sentencing because Truth-in-Sentencing foreclosed the traditional means for parolees to obtain review of reconfinement decisions without providing a new avenue for appeal. Holding that a reconfinement hearing should be treated as a sentencing for this limited purpose is not the same as holding they are in fact the same and therefore criminal proceedings.

[4] Available at: http://www.doa.state.wi.us/docs_view2.asp?docid=42 (last visited March 12, 2010).

accountable to the electorate." *Id.* In other words, reconfinement determinations were shifted to circuit courts to increase accountability, not to transform reconfinement into a criminal proceeding.

¶ 12. In sum, we discern no indication Truth-in-Sentencing altered the substantive nature of the reconfinement decision. Rather, as before Truth-in-Sentencing, the reconfinement determination is part of the revocation process and therefore not a criminal proceeding. *See Struzik,* 77 Wis. 2d at 221.

¶ 13. Because a reconfinement hearing is not a criminal proceeding, it is unnecessary to examine whether Brimer's statements were compelled and incriminating. "[A] State may validly insist on answers to even incriminating questions and hence sensibly administer its probation system, as long as it recognizes that the required answers may not be used in a criminal proceeding and thus eliminates the threat of incrimination." *Murphy,* 465 U.S. at 435 n.7. Here the State did just that. It required Brimer to truthfully account for his drug test failure as a condition of his extended supervision, and immunized him against using the statement in criminal proceedings. Therefore, there was no Fifth Amendment violation and Brimer's attorney was not deficient for failing to object to using the statement at the reconfinement hearing.

*By the Court.*—Orders affirmed.