

OFFICE OF THE CLERK
# WISCONSIN COURT OF APPEALS
110 EAST MAIN STREET, SUITE 215
P.O. BOX 1688
MADISON, WISCONSIN  53701-1688
Telephone (608) 266-1880
TTY: (800) 947-3529
Facsimile (608) 267-0640
Web Site:  www.wicourts.gov

### DISTRICT I

November 5, 2024

*To*:

Hon. Jonathan D. Richards
Circuit Court Judge
Electronic Notice

Anna Hodges
Clerk of Circuit Court
Milwaukee County Safety Building
Electronic Notice

Paul C. Dedinsky
Electronic Notice

Annice Kelly
Electronic Notice

Dennis Cross
2861 N. 37th Street
Milwaukee, WI 53210-1822

You are hereby notified that the Court has entered the following opinion and order:

2023AP1284-CRNM        State of Wisconsin v. Dennis Cross (L.C. # 2020CT1199)

Before Colón, J.[1]

**Summary disposition orders may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

Dennis Cross appeals from a judgment convicting him of operating a motor vehicle while intoxicated (OWI) as a second offense.  His appellate counsel, Annice Kelly, filed a no-merit report pursuant to WIS. STAT. RULE 809.32 and *Anders v. California*, 386 U.S. 738 (1967). Cross received a copy of the report, was advised of his right to file a response, and has elected not to do so.  Upon consideration of the report and an independent review of the record as

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

mandated by *Anders*, we conclude that the judgment may be summarily affirmed because there is no arguable merit to any issue that could be raised on appeal. *See* WIS. STAT. RULE 809.21.

The State charged Cross with OWI and operating with a prohibited alcohol concentration (PAC), both as second offenses. At trial, Whitefish Bay Police Officer Derek Bonkoski testified that on August 10, 2020, at 9:43 p.m., he was dispatched in response to callers reporting concerns about a silver Jeep that was on the road. The State played a 9-1-1 call for the jury. During the recording, the caller described an impaired driver on the road who eventually hit the car that the caller was in. Officer Bonkowski identified his own voice on the recording, communicating with the central dispatch center.

Officer Bonkoski described observing a silver Jeep moving at a very slow speed with no lights on. Officer Bonkoski testified that the silver Jeep was impeding traffic for other vehicles around it. Officer Bonkoski testified that he heard the silver Jeep rear end another vehicle. He then conducted a traffic stop of the Jeep and made contact with Cross, who was the driver.

Officer Bonkoski testified that Cross had slow, slurred speech and an open bottle of vodka in the car. When Cross stepped out of the vehicle, Officer Bonkoski observed he was very unsteady on his feet. Officer Bonkoski asked Cross to perform field sobriety tests but testified that Cross could not stand during the instructional phase without almost falling over. Due to his inability to stand, Officer Bonkoski did not conduct field sobriety tests for Cross's safety. At

that point, Officer Bonkoski testified that he had observed enough clues that Cross was impaired and placed him under arrest.[2]

Toxicology analyst Thomas Neuser also testified during Cross's trial. He testified that Cross's blood sample contained .254 grams of ethyl alcohol per 100 milliliters of blood.

At the end of the three-day trial, the jury found Cross guilty of each of the crimes charged. The circuit court subsequently dismissed the PAC charge, as required by WIS. STAT. § 346.63(1)(c). The court imposed and stayed a three-month sentence in the House of Corrections and placed Cross on twelve months of probation. The court also revoked Cross's driver's license for one year. This no-merit appeal follows.

The no-merit report discusses a number of issues including whether the circuit court erred when it allowed the recording of a 9-1-1 call to be played for the jury. This became an issue because neither the 9-1-1 caller nor the dispatcher were present to testify about the call. After listening to the parties' arguments, the court ruled that the recording could be played under WIS. STAT. § 908.03(6), an exception to the hearsay rule permitting admission of certain records of regularly conducted activity. *See id.* The court additionally ruled that the recording was admissible under ***Davis v. Washington***, 547 U.S. 813 (2006), because the remarks on the call "were made to police in an attempt to resolve the emergency[.]" *See id.* at 828 (holding that 9-1-1 caller's statements about an altercation with a former boyfriend who had just left her home

---

[2] The State played Officer Bonkoski's body camera footage and separate squad camera footage of the interaction with Cross for the jury.

were non-testimonial because their "primary purpose was to enable police assistance to meet an ongoing emergency").

We agree with appellate counsel's analysis that the court did not erroneously exercise its discretion in deciding that the recording was admissible under *Davis*. In light of this conclusion, we do not need to delve into additional analysis of the court's alternate basis for admitting the recording.

The no-merit report additionally addresses whether Cross could challenge the sufficiency of the evidence. We agree with counsel that there is no arguable merit to this issue. An appellate court will not overturn a conviction "unless the evidence, viewed most favorably to the [S]tate and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." *State v. Poellinger*, 153 Wis. 2d 493, 501, 451 N.W.2d 752 (1990). The evidence at trial was sufficient to support the verdict.

Lastly, we agree with counsel that there is no issue of arguable merit stemming from the circuit court's exercises of its sentencing discretion. The circuit court considered appropriate sentencing objectives and imposed a sentence based on various sentencing criteria applied to the facts of this case. *See State v. Brown*, 2006 WI 131, ¶26, 298 Wis. 2d 37, 725 N.W.2d 262. Because the circuit court properly exercised its discretion, there would be no arguable merit to an appellate challenge to the sentence.

Our review of the record discloses no other potential issues for appeal. Accordingly, this court accepts the no-merit report, affirms the judgment, and discharges appellate counsel of the obligation to represent Cross further in this appeal.

Upon the foregoing, therefore,

IT IS ORDERED that the judgment is summarily affirmed.  *See* WIS. STAT. RULE 809.21.

IT IS FURTHER ORDERED that  Attorney  Annice  Kelly  is  relieved  of  further representation of Cross in this matter.  *See* WIS. STAT. RULE 809.32(3).

IT IS FURTHER ORDERED that this summary disposition order will not be published.

*Samuel A. Christensen*
*Clerk of Court of Appeals*